IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-245-BR-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BOBBY LEON HARRIS, a/k/a | ) | |
| Bobby Leon Harris, Jr. | ) | |
| | ) | |
| Defendant. | | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Raleigh Police Department on a task force of the Federal Bureau of Investigation. Defendant presented no evidence. The court reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial and by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required. The government's motion is therefore GRANTED.

Defendant was indicted on 16 August 2011 for two counts of robbery of the same bank in Creedmoor, North Carolina on 18 November 2010 and 24 November 2010, respectively, in violation of 18 U.S.C. § 2133(a). The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case with respect to the 18 November 2010 robbery (*e.g.*, defendant's fingerprint on the demand note he gave the teller, the statement of the get-away driver identifying defendant) and sufficient evidence

for a conviction for the second robbery; the inherently violent nature of the offenses charged; the circumstances of the offenses charged, including defendant's use of a demand note in the first robbery that included the drawing of a gun with bullets exiting from its muzzle and threatening language; defendant's criminal record, including two felonies, one for robbery resulting in injury to a third person and the other for possession of a firearm by a prohibited person, and the apparent revocation of probation the one time he was placed on it; defendant's limited ties to the district and his ties to other jurisdictions (*e.g.*, Delaware, the jurisdiction in which he was convicted of his felonies); and, as indicated, the other findings and reasons stated in open court. The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 12th day of September 2011.

_____
James E. Gates
United States Magistrate Judge